179 So. 297

**FROST·LUMBER INDUSTRIES, Inc., v. BRYANT et al.**

No. 34609.

Feb. 7, 1938.

Dan W. Stewart, Jr., of Minden, and Slay & Simon, of Fort Worth, Tex., for appellant Royal Oil & Gas Corporation.

Lee and Lee, of Shreveport, for appellee.

O'NIELL, Chief Justice.

The plaintiff sued to cancel an oil and gas lease on the ground of abandonment, as to one of two tracts of land that were included in the lease. The suit was brought against several parties having assignments of the lease, affecting different parts of the tract on which the lessor is seeking to annul the lease. The court gave judgment for the plaintiff, annulling the lease, on the one tract on which the lessor sought to annul it. Only one of the defendants, namely, the Royal Oil & Gas Corporation, appealed from the decision; and that defendant filed a motion in this court alleging that the corporation had abandoned the appeal, and asking to have the appeal dismissed. Thereupon, the plaintiff filed a motion to dismiss the appeal on the ground that it was abandoned by the only appellant. The case was submitted on the motion to dismiss, and on its merits, when it was called for hearing according to its regular assignment. None of the defendants except the Royal Oil & Gas Corporation has made an appearance in this court. The attorney representing the Royal Oil & Gas Corporation failed to appear when the case was called for argument, according to its assignment. The submission of the case was made on the motion of the attorney for the plaintiff, with the understanding that the case should be considered on its merits only in the event that the court should refuse to dismiss the appeal. The attorney for the plaintiff had some doubt as to whether the court was forbidden by article 594 of the Code of Practice to dismiss the appeal without the consent of the defendants who did not appeal,

and who therefore are considered as appellees. This article of the Code of Practice declares that, when a citation of appeal has been served upon the appellee, the appellant cannot withdraw his appeal. But that does not mean that, when an appeal has been abandoned by the only one, among several defendants, who has appealed, the plaintiff is not entitled to have the appeal dismissed, merely because the parties who were codefendants have not consented to a dismissal of the appeal. These codefendants, who have neither joined in nor answered the appeal, are not concerned with the abandonment of the appeal of the other one of the defendants. The question whether the defendants who have not yet appealed may hereafter appeal will arise only in the event of their undertaking to appeal.

The appeal is dismissed at the cost of the appellant.